# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| F FAMILY SOUTH, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0612-WS-N |
| | ) |
| BALDWIN COUNTY, ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion for default judgment. (Doc. 10).

As this Court has noted, "a clerk's entry of default must precede an application to the district court for entry of default judgment." *Travelers Casualty & Surety Co. v. East Beach Development, LLC*, 2007 WL 4097449 at *1 (S.D. Ala. 2007) (citing cases). Default has not been entered against the defendant, but the plaintiff's motion includes an embedded request for entry of default. (Doc. 10 at 2).

"Before a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2682 at 14 (3rd ed. 1998). When service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default." *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

The defendant is an Alabama county. The summons is addressed to "Baldwin County, Alabama," at a Bay Minette, Alabama address. (Doc. 4). Process was served by certified mail; the signature is illegible. (Doc. 9). The

Court finds no evidence in the record that the mailing envelope was addressed differently than the summons.

Federal law does not provide for service by certified mail on a state-created governmental organization but rather requires "delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). In the alternative, however, service on a county may be made by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *Id*. Rule 4(j)(2)(B).

Alabama law provides for service by certified mail. Ala. R. Civ. P. 4(i)(2). "In the case of an entity within the scope of one of the subdivisions of Rule 4(c) [which includes counties], the addressee shall be a person described in the appropriate subdivision." *Id*. Rule 4(i)(2)(B)(i), (ii). "[W]e are clear to the conclusion that service on a corporation or business entity cannot be perfected by certified mail addressed merely to the entity itself." *Ex parte LERETA, LLC*, 226 So. 3d 140, 145 (Ala. 2016). Because the plaintiff has failed to show that process was properly addressed, its request for entry of default, construed as a motion for such relief, is **denied**. Because default has not been entered, the plaintiff's motion for entry of default judgment is likewise **denied**.

DONE and ORDERED this 3rd day of February, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE