IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| F FAMILY SOUTH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0612-WS-N |
| | ) |
| BALDWIN COUNTY, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 15). The parties have filed briefs in support of their respective positions, (Docs. 16, 18, 19), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

BACKGROUND

According to the complaint, (Doc. 1), two canals were constructed in 1984 on Ono Island, connecting with Bayou St. John. A parcel of land ("the Parcel") remained at the intersection of the two canals, surrounded by them. The Parcel, which is the subject of the instant dispute, was acquired by the plaintiff in 2019. In 2020, the plaintiff filed with the defendant an application to construct a single-family home on the Parcel. The defendant refused to accept the application because it was not accompanied by certain materials from its planning and zoning department.

In 1991, the Alabama Legislature authorized the defendant to create planning districts in its unincorporated areas. Ala. Code § 45-2-261.05. The defendant did so, defining District 24 as "Ono Island." The legislature also created a procedure for exercising jurisdiction in each planning district, which

requires a vote of the qualified electors of the district. *Id*. § 45-2-261.07. In 1992, such an election was held for District 24, with 114 voting in favor of being subject to the planning and zoning authority of the defendant and three voting against.

Counts One and Two seek a declaratory judgment that the Parcel is not subject to the defendant's zoning authority.[1] The first ground for such relief is that Section 45-2-261.07 requires an affirmative vote by a majority of all qualified electors that exist, not simply by a majority of all qualified electors that vote, and that this threshold was not attained in the 1992 election. The second ground is that the Parcel is not part of Ono Island and thus not part of District 24. Count Three presents a claim of inverse condemnation under state law. Count Four asserts an unlawful taking of property in violation of the United States Constitution. The defendant seeks dismissal of all claims pursuant to Rules 12(b)(1) and 12(b)(6).

## DISCUSSION

**I. Declaratory Judgment.**

    **A. The 1992 Election.**

"Principles of federalism limit the power of federal courts to intervene in state elections …." *Burton v. Georgia*, 953 F.2d 1266, 1268 (11th Cir. 1992). "In most cases, irregularities in state elections are properly addressed at the state level, whether through state courts or review by state election officials." *Id*. As relevant here, "Federal Courts do not intervene in state election contests for the purpose of deciding issues of state law, if no federal constitutional question is involved." *Hubbard v. Ammerman*, 465 F.2d 1169, 1181 (5th Cir. 1972). The plaintiff repeatedly affirms that it seeks only to have the Court "interpret and enforce"

---

[1] Count One seeks declaratory relief pursuant to Alabama's declaratory judgment act, Ala. Code §§ 6-6-220 *et seq*. Neither party has explained how that procedural vehicle could be applied in this federal lawsuit.

Section 45-2-261.07. (Doc. 18 at 5; *accord id*. at 2, 4). Deciding that issue of state law, however, is precisely what the Court is forbidden to do.[2]

The plaintiff insists that it raises no "election dispute," "election challenge," or "election contest" and so is free of the restrictions on federal involvement in their resolution. (Doc. 18 at 2, 4-5). The plaintiff concedes that an objection presents an election dispute, challenge or contest if it targets the "outcome" or "result" of the election. (*Id*. at 2, 4). The plaintiff assumes that, since it accepts the vote totals (114 for and 3 against), it is not challenging the outcome or result of the election. The outcome or result of an election, however, is not simply the vote tally but the political decision that the tally reflects. Elections are not conducted simply to count votes; they are held to resolve political issues – who will hold a seat in the legislature, whether a lottery is approved, or, as in this case, whether to come within a county's planning and zoning authority. An election results in a decision, not simply a score, and a challenge to whether the votes cast in the 1992 election resulted in a decision to place District 24 under the defendant's zoning authority is a challenge to the election for purposes of the restrictions on federal jurisdiction identified above.

The defendant seeks dismissal for lack of jurisdiction. (Doc. 16 at 8). Such a dismissal, because it does not reach the merits and does not preclude the plaintiff from seeking relief in state court, is without prejudice. *E.g., In re: Breland*, 989 F.3d 919, 923 (11th Cir. 2021).

### B. The Scope of District 24.

According to the complaint, the defendant's zoning ordinances define District 24 as "Ono Island," without any metes and bounds description. According

---

[2] "Only in extraordinary circumstances will a challenge to a state election rise to the level of a constitutional deprivation." *Curry v. Baker*, 802 F.2d 1302, 1314 (11th Cir. 1986). Since the plaintiff does not challenge the 1992 election on constitutional grounds, the Court need not explore the parameters of an actionable constitutional claim.

to the complaint, the Parcel is not part of Ono Island but is a distinct island separated from Ono Island by navigable waterways (the two canals).  Because the Parcel is not (and was not in 1992) part of Ono Island, the complaint concludes, it is not within District 24 and thus is not within the defendant's zoning authority.  (Doc. 1 at 2, 5).

In the single brief paragraph it devotes to the issue, the defendant argues that it is "legally impossible" for the Parcel to fall outside the term "Ono Island" as used in in its definition of District 24.  The defendant notes that Section 45-2-261.05 provides that the defendant "shall divide the unincorporated areas of Baldwin County into planning districts."  The defendant describes the provision as "mandatory" and concludes, without further discussion, that "there can be no part of Baldwin County that is not part of a planning district."  (Doc. 16 at 13).

At least two unexamined assumptions underlie the defendant's argument.  The first is that the term "shall" necessarily denotes command.  Alabama law, however, admits of exceptions to that construction, *see, e.g., Prince v. Hunter*, 388 So. 2d 546, 548 (Ala. 1980), which exceptions the defendant has not addressed, much less shown to be inapplicable.  The second is that, if the defendant was required by statute to place every inch of unincorporated Baldwin County within a planning district, it could not have failed to do so.  That assumption appears to be a *non sequitur*, as persons (and entities) commonly fail to do what the law requires of them.  The defendant may or may not ultimately be able to prevail on its legal argument, but it cannot do so based on the perfunctory presentation offered on the instant motion.

## II.  Inverse Condemnation.

The defendant argues that Alabama law requires a physical taking, which is lacking in this case.  (Doc. 16 at 13).  The plaintiff concedes the point but asks that the claim be dismissed without prejudice.  (Doc. 18 at 14).  Because the plaintiff has no existing cause of action for inverse condemnation, the dismissal of this

4

claim will be with prejudice; should the defendant in the future physically take the Parcel (there is no suggestion it will ever do so), a new claim would then arise, which would not be precluded by the instant dismissal.

### III. Unconstitutional Taking.

The defendant argues that the federal claim "must fail along with the State law claims seeking to invalidate the application of the Commission's zoning jurisdiction." (Doc. 16 at 14). Because, as discussed in Part I.B, Counts One and Two remain pending, a necessary premise of the defendant's argument vanishes, and its argument fails.[3]

### CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **granted** with respect to Count Three and **granted** with respect to Counts One and Two, to the extent based on the 1992 election. Count Three is **dismissed with prejudice**. Counts One and Two, to the extent based on the 1992 election, are **dismissed without prejudice**. In all other respects, the motion to dismiss is **denied**.

DONE and ORDERED this 30th day of March, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] As the plaintiff concedes, (Doc. 18 at 14-15), Count Four rests exclusively on the defendant's assertion of zoning authority over the unzoned Parcel. The defendant's motion to dismiss an unpleaded regulatory takings claim based on the defendant's assertion of zoning authority over a zoned Parcel, (Doc. 16 at 14-15), is therefore **denied as moot**.