# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

F FAMILY SOUTH, LLC,      )
                                 )
      Plaintiff,           )
                                 )
v.                          )  CIVIL ACTION 20-0612-WS-N
                                 )
BALDWIN COUNTY, ALABAMA, et al., )
                                 )
      Defendants.       )

## ORDER

The plaintiff has filed a motion for partial summary judgment.  (Doc. 56).
The motion seeks summary judgment with respect to Counts One and Two of the
complaint, which seek declaratory relief.  For the reasons discussed below, the
motion is due to be denied without prejudice.

First, the complaint alleges that the subject property ("the Parcel") is not
subject to zoning by the defendant County, and it seeks a declaration that the
Parcel is not so subject, on two specific grounds:  (1) zoning District 24 is defined
as "Ono Island," and the Parcel is not part of Ono Island; and (2) the zoning
election by which Ono Island property owners elected to come within the
County's zoning jurisdiction is null and void.  (Doc. 1 at 4-5).  The plaintiff has
confirmed that the complaint seeks a declaratory judgment "that [the Parcel] is not
included in District 24 because it is not part of Ono Island" and because the
County "has no planning and zoning authority over District 24."  (Doc.  18 at 2).
The motion for summary judgment, however, asserts neither of these grounds for
relief.[1]  Instead, it raises a third one, found nowhere in the complaint:  that, even if
the Parcel is part of Ono Island, the Alabama Code precludes the County Zoning

---

[1] Counts One and Two, to the extent they depend on the second ground, have
been dismissed.  (Doc. 20 at 2-3, 5).

Commission from exercising "jurisdiction over the type of single-family housing or dwelling to be placed or constructed on private property." (Doc. 57 at 3-4). The plaintiff has not explained how it may obtain summary judgment on a ground it has not asserted in its complaint.

Second, a motion for summary judgment must be supported by a brief. Civil Local Rule 7(b). The plaintiff's brief nominally runs four pages, but it includes only 16 lines of argument, half of which is not actually argument but predicate. The entirety of the argument is a quotation from a section of the Alabama Code, followed by the plaintiff's *ipse dixit* that it applies. (*Id*. at 3-4). Such a filing "does not rise to the dignity of a brief,"[2] especially given that the statute purports to address only jurisdiction over "the type" of single-family dwelling, which is neither self-defining nor plainly implicated in this case, where what is alleged is not a refusal to permit a particular "type" of single-family dwelling but a refusal to accept the plaintiff's building permit application at all. (Doc. 1 at 4).

Third, and as addressed in a previous order, there is an ongoing dispute in state court over whether the Parcel is owned by the plaintiff or by the defendant property owners' association ("POA"), and the plaintiff has not disputed the POA's position that the plaintiff's ownership of the Parcel is essential to its constitutional standing and, thus, to the Court's subject matter jurisdiction. (Doc. 55 at 5-6). The plaintiff does not address the jurisdictional issue or explain how it could obtain a summary judgment on the merits without first (or simultaneously) satisfying its burden of demonstrating the existence of jurisdiction.

For the reasons set forth above, the plaintiff's motion for partial summary judgment is **denied**, without prejudice to the plaintiff's ability to bring a timely, properly supported motion for such relief. The briefing schedule on the plaintiff's

---

[2] *Hughes v. Houssiere, Durant & Houssiere, LLP*, 2011 WL 4807713 at *1 (S.D. Ala. 2011).

motion, (Doc. 58), entered as a matter of course prior to judicial review, is **withdrawn as moot**.

DONE and ORDERED this 11th day of April, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE