IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| F FAMILY SOUTH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0612-WS-N |
| | ) |
| BALDWIN COUNTY, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of intervenor-defendant Property Owners Association of Ono Island, Inc. ("POA") to stay this action. (Doc. 60).[1]  The parties have filed briefs and other materials in support of their respective positions, (Docs. 60, 63, 64, 67), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

## BACKGROUND

According to the complaint, (Doc. 1), two canals were constructed in 1984 on Ono Island, connecting with Bayou St. John.  A parcel of land ("the Parcel") remained at the intersection of the two canals, surrounded by them.  The Parcel, which is the subject of the instant dispute, was acquired by the plaintiff in 2019. In 2020, the plaintiff filed with defendant Baldwin County ("the County") an application to construct a single-family home on the Parcel.  The County refused to accept the application because it was not accompanied by certain materials from its planning and zoning department.

---

[1] The motion is styled as one to "extend stay."  Because a previous stay expired by its terms four days before the instant motion was filed, the Court construes the motion as one for a second stay.

The plaintiff filed suit against the County in December 2020.  (Doc. 1).
The Court granted in part the County's motion to dismiss, (Doc. 20), leaving the
following claims intact.  Counts One and Two seek a declaratory judgment that the
Parcel is not subject to the County's zoning authority, on the theory that the Parcel
is not part of Ono Island and thus is not part of Planning District 24.  Count Four,
which depends on the success of Counts One and Two, asserts an unlawful taking
of property, in violation of the United States Constitution, based on the County's
assertion of zoning authority over the allegedly unzoned Parcel.

POA moved to intervene as a party defendant in July 2021, (Doc. 32),
shortly after discovery opened.  (Doc. 27).  POA pointed out that it and the
plaintiff are engaged in state court litigation, initiated in November 2019, in which
POA argues that it rather than the plaintiff is the owner of the Parcel, on the
grounds that the tax deed through which the plaintiff claims ownership is either
void or voidable and that POA has purchased the delinquent taxpayer's interest in
the Parcel.  POA further pointed out that, if the state court determines that POA
owns the Parcel, the plaintiff will not have standing to maintain this action.  (Doc.
33 at 9-10 & 10 n.1).  The plaintiff questioned whether POA could satisfy the
requirements for intervention under Rule 24 but stated it did not oppose
intervention so long as the Rule 16(b) scheduling order deadlines are extended for
a reasonable period of time.  (Doc. 38).  On the strength of the plaintiff's
acquiescence, the Court granted the motion to intervene.  (Doc. 43).

POA then sought a stay of this action pending state court resolution of the
Parcel's ownership.  (Doc. 48 at 2-3).  After full briefing, the Court granted POA's
motion in part, staying this action for six months.  (Doc. 55 at 7-8).  That stay
expired on April 4, 2022.  POA again seeks a stay "pending the outcome of the
State Court Litigation."  (Doc. 67 at 10).

**DISCUSSION**

"The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding [sic] in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982); *accord Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("[A] district court stay pending the resolution of a related case in another court [may be justified] simply as a means of controlling the district court's docket and of managing cases before the district court."). The plaintiff "does not dispute the Court's inherent authority to stay a case in light of proceedings in another forum." (Doc. 64 at 2).

In concluding that a stay was warranted, the Court considered the factors it had previously outlined in *Green v. Roberts*, 2010 WL 5067442 (S.D. Ala. 2010), viz.: (1) whether the federal litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-movant; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and the court. *Id.* at *2. The Court found that each of these factors favored a stay. (Doc. 55 at 5-6).

The plaintiff argues that the *Green* factors do not favor a second stay. As to the stage of this litigation, the plaintiff points out that it filed suit in December 2020, over sixteen months ago. (Doc. 64 at 2). The litigation, however, is no more advanced today than it was when the stay was entered seven months ago. And because the plaintiff secured assurance of extended discovery in light of POA's intervention, (Doc. 43), this litigation remains, as it was seven months ago, in its early stages.[2]

_____

[2] As soon as the stay expired, the Magistrate Judge ordered the parties to meet and submit a jointly proposed modified Rule 16(b) scheduling order. (Doc. 59). Instead of meeting with the defendants or pressing for a revised scheduling order, the plaintiff moved jointly with the other parties to delay doing so until after the Court's ruling on the instant motion. (Doc. 65).

The plaintiff focuses most of its attention on the prejudice it says it is experiencing because of the stay.  (Doc. 64 at 2-4).  The plaintiff identifies its prejudice as being deprived of the enjoyment of a residence on the Parcel and the risk that property values for developed property will decline over time.  Such prejudice, however, does not arise from a stay but from the unsettled question of the plaintiff's ownership of the Parcel.  Either this Court or the state court must be the first to answer that question, and the plaintiff could be prejudiced in the sense it claims only if resolution of the question in state court will take substantially longer than its resolution in federal court.  The plaintiff identifies nothing supporting such a proposition.  On the contrary, the plaintiff accepts POA's representation that the state case should proceed to trial by the end of 2022,[3] while it has proposed presses for a schedule for this action that would, even without a stay, delay trial until 2023.[4]

The Court in its previous order concluded that the plaintiff's ownership of the Parcel is essential to both the existence of subject matter jurisdiction[5] and the merits of its constitutional claim.  (Doc. 55 at 5).  The plaintiff asserts (without argument or authority) that, if its title is merely voidable and thus subject to a right of redemption, it both has standing and "is entitled to a building permit."  (Doc. 64 at 4).  Even if that is correct, the plaintiff does not dispute that, if its title is void (as is still an open question), it does not have standing and cannot prevail in this lawsuit.

---

[3] (Doc. 60 at 4, 6; Doc. 64 at 5).

[4] Prior to POA's intervention, the plaintiff and the County submitted a Rule 26(f) report anticipating almost a year (excluding stays) from the opening of discovery to the commencement of trial.  (Doc. 24 at 3).

[5] Constitutional standing "implicates our subject matter jurisdiction."  *Kennedy v. Floridian Hotel, Inc*., 998 F.3d 1221, 1229 (11th Cir. 2021) (internal quotes omitted). Constitutional standing requires an injury in fact, *id*., and the plaintiff could scarcely claim such an injury if it has no interest in the Parcel.

In its previous order, the Court concluded that the question of ownership of the Parcel is squarely presented in the state litigation[6] and that its resolution therein will simplify and streamline this litigation, both by resolving the issue and by obviating the Court's immersion in numerous questions of state law – in general and as applied to the instant situation – concerning the arcane requirements of lawful tax sales, the parameters of rights of redemption, the nebulous doctrine of laches, and other thorny matters embedded in the ownership issue.  (Doc. 55 at 5-6).  The Court also concluded that resolution of the issue by the state court will correspondingly reduce the burden of litigation on the parties and the Court.  (*Id*. at 6).  The plaintiff does not discernibly challenge these conclusions.

"When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum," the "stay must not be immoderate."  *Ortega Trujillo*, 221 F.3d at 1264 (internal quotes omitted).  A stay that is "'immoderate'" is necessarily "'unlawful.'"  *Id*. (quoting *Landis v. North American Co*., 299 U.S. 248, 257 (1936)).  "In considering whether a stay is 'immoderate,' we examine both the scope of the stay, including its potential duration, and the reasons cited by the district court for the stay."  *Id*.

POA seeks a stay "to allow for resolution of the State Court Litigation."  (Doc. 60 at 4).  No trial date has been set but, based on the progress of discovery, POA predicts this will occur by the end of the year.  (*Id*. at 4, 6).  The plaintiff does not disagree with that assessment, but it assures the Court that, whatever the trial court rules, an appeal will follow, adding a year or more to POA's timeline.  (Doc. 64 at 5).  POA, for its part, does not disagree with the plaintiff's assessment.  (Doc. 67 at 6).

---

[6] Count Eleven of the plaintiff's state complaint seeks to quiet title in the Parcel, and Count Ten likewise demands that the plaintiff be declared its lawful owner.  (Doc. 33-1 at 13-14).  Counts Three and Four of POA's counterclaim seek, respectively, a declaration of the invalidity of tax title, and redemption from tax sale.  (Doc. 33-3 at 1-2).

The plaintiff argues that a stay without a dated end point is necessarily "indefinite" and that a stay of indefinite duration is necessarily immoderate.  (Doc. 64 at 6).  The Court rejects both propositions.

In *Ortega Trujillo*, the stay extended "until such time as the Bahamian Courts conclude their review."  221 F.3d at 1263. The Eleventh Circuit found the stay to be indefinite in duration, but only after considering that this language extended past the trial stage through the exhaustion of appeals, and only after assessing that the trial court proceedings were "not progressing quickly."  221 F.3d at 1264-65.  There was thus no principled way to estimate when trial might occur, much less when subsequent appeals might be completed.

In *CTI-Container*, on which *Ortega Trujillo* relied, a stay was entered "pending determination by the Iran-United States Claims Tribunal of its jurisdiction to hear these claims."  685 F.2d at 1286.  The Eleventh Circuit stated that the length of the stay "can safely be described as an indefinite period of time," *id*. at 1288, but only after noting that it "ha[d] no way to estimate the months or even years that may pass before" the tribunal reached its decision.  *Id*. at 1287.

In *American Manufacturers Mutual Insurance Co. v. Edward D. Stone, Jr. & Associates*, 743 F.2d 1519 (11th Cir. 1984), also cited in *Ortega Trujillo*, a stay was entered "pending resolution of the previously filed state action."  *Id*. at 1521. The Court ruled that the stay subjected the plaintiff to "an indefinite and unnecessary delay," but only because the state action had been pending for 18 months and as yet had no scheduled trial date.  *Id*. at 1524.

To the extent that POA seeks a stay until the conclusion of state trial proceedings, the proposed stay is not indefinite.  Unlike in the cases cited above, the Court has been provided a solid estimate of when those proceedings will conclude (by the end of 2022), and the plaintiff has not challenged that estimate. To the uncertain extent that POA seeks a stay until the conclusion of state appellate proceedings (and any remanded proceedings that might ensue), the

proposed stay is indefinite, as POA has offered no principled means of estimating an end date for such proceedings.

As noted, "whether or not a stay is 'immoderate' is a function of two variables – the scope of the stay, and the reasons cited for ordering it." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). When a stay "is indefinite in duration" but plainly lengthy (measured in years), a reviewing court must "scrutinize the reasons for it very closely." *Id.* Similarly, the *Ortega Trujillo* Court did not find the stay immoderate based only on its indefinite duration; instead, the Court found "no reason sufficient to justify the indefinite stay." 221 F.3d at 1265. Thus, while the indefinite nature of a stay can require a stronger showing of reasons for the stay, it does not of itself render a stay immoderate. *Cf. Yong v. Immigration and Naturalization Service*, 208 F.3d 116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it.").

The reasons for staying this action until the conclusion of state trial proceedings are unusually strong. In *Hines*, *CTI-Container*, and *Edward D. Stone*, "the plaintiffs' federal claims languished for no good reason because there was little likelihood that the other forums' decisions would control or significantly inform the litigation." *Miccosukee Tribe of Indians v. South Florida Water Management District*, 559 F.3d 1191, 1197 (11th Cir. 2009). Here, in contrast, the Court is asked to await a "decision that is likely to have a substantial or controlling effect on the claims and issues" before it, which is "at least a good [reason], if not an excellent one." *Id.* at 1198. More than merely likely, resolution of the plaintiff's demand to quiet title and declare it the lawful owner of the Parcel, and of POA's counterclaims to invalidate the plaintiff's tax title or, in the alternative, to recognize and enforce POA's claimed right of redemption, will necessarily control whether the plaintiff has standing in this case and whether it can even possibly succeed on the merits. Moreover, the Court is asked to await a decision by a state court on intricate and delicate questions of state law that the state court

is better equipped to resolve.  *Cf. Ameritox, Ltd. v. Millenium Laboratories, Inc*., 803 F.3d 518, 540 (11th Cir. 2015) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law.") (internal quotes omitted).

The foregoing considerations fully justify a stay pending conclusion of the state trial proceedings.  They do not, however, justify an additional year, or potentially multiple years, of indefinite delay while waiting for state appellate proceedings, and any post-appellate proceedings, to play out.  *Ortega Trujillo* indicates that such a protracted stay would be especially problematic, and POA points the Court to no case having blessed such a stay.  The parties have given the Court no reason to mistrust the state trial court ruling, whatever it may be, and any marginal gain in certainty from appellate consideration of the trial level ruling does not outweigh the cost.  This action therefore will proceed in light of the state trial court's resolution of the ownership issue, without awaiting appellate review.

## CONCLUSION

For the reasons set forth above, POA's second motion to stay is **granted in part**.  This action is **stayed** pending resolution of the state trial court proceedings.  To the extent POA seeks a stay pending resolution of any state appellate or post-appellate proceedings, its motion is **denied**.  The parties are **ordered** to notify the Court of any state court ruling regarding ownership of the Parcel, or of any termination of the state litigation, within seven calendar days thereof.

DONE and ORDERED this 4th day of May, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE