IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **F FAMILY SOUTH, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0612-WS-N |
| | ) |
| **BALDWIN COUNTY, ALABAMA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion to dismiss filed by defendant Baldwin County, Alabama ("the County"). (Doc. 72). The plaintiff has filed a response and the County a reply, (Docs. 77, 78), and the motion is ripe for resolution.[1]

The County argues that the Court lacks subject matter jurisdiction over this action because a state court has ruled that the tax title through which the plaintiff claims its interest in the subject property ("the Parcel") is null and void. The tax title is null and void, the state court ruled, because the tax sale resulting in the tax title failed to comply with certain statutory requirements.[2] The state court ruled that POA, rather than the plaintiff, is the owner of the Parcel. (Doc. 69-1 at 4, 5). The County says that the state court ruling means that POA "is, and as a legal matter, has always been the owner of the property outright," (Doc. 78 at 2), which means that the plaintiff has never owned the Parcel. Thus, "as a matter of law, Plaintiff did not have standing to bring this case when it was filed, and this Court

---

[1] Co-defendant Property Owner's Association of Ono Island, Inc. ("POA") has filed a one-sentence joinder in the County's motion. (Doc. 73).

[2] *See, e.g., Stiff v. Equivest Financial, LLC*, 325 So. 3d 738, 739-40 (Ala. 2020) (a tax sale not made in strict (or at least substantial) compliance with the statutory requirements is void).

has lacked subject matter jurisdiction throughout the entirety of the litigation." (*Id*.).

Constitutional standing requires that the plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct … and (3) that is likely to be redressed by a favorable judicial decision." *United States v. Blake*, 868 F.3d 960, 969 (11th Cir. 2017) (internal quotes omitted). "The injury-in-fact element requires an invasion of a *legally protected interest* which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Hollywood Mobile Estates Ltd. v. Seminole Tribe*, 641 F.3d 1259, 1265 (11th Cir. 2011) (emphasis added, internal quotes omitted).

The "legally protected interest" claimed by the plaintiff is ownership of the Parcel. (Doc. 1 at 3-4, 6-7). As the plaintiff admits, "the claims in this case depend upon [the plaintiff] owning [the Parcel]." (Doc. 75 at 2). The plaintiff does not dispute that, absent ownership of the Parcel, it cannot satisfy the injury-in-fact element of constitutional standing. (Doc. 55 at 5 n.3; Doc. 68 at 4).

"The plaintiff bears the burden of establishing each element" of standing, *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019), which in this case includes the plaintiff's ownership of the Parcel. The state court has ruled, upon full briefing and a bench trial, that the plaintiff does *not* own the Parcel. That would seem to be dispositive, but the plaintiff offers two arguments against the County's motion to dismiss.

First, the plaintiff suggests the state court ruled only that the plaintiff "no longer" owns the Parcel, (Doc. 77 at 1-2), the implication being that the plaintiff did own the Parcel until the moment of the ruling, including at the time it filed this action. It is not clear how this argument could help the plaintiff, since "Article III demands that an actual controversy persist throughout all stages of litigation,"[3]

---

[3] *Flat Creek Transportation, LLC v. Federal Motor Carrier Safety Administration*, 923 F.3d 1295, 1300 (11th Cir. 2019) (internal quotes omitted).

such that a post-filing loss of ownership would equally defeat standing.  In any event, the plaintiff's argument depends on a confusion of "voidable" and "void."  A voidable deed is enforceable until and unless successfully challenged, while a void deed is one "having no legal effect on the title."  *Simmons v. Ball*, 68 So. 3d 831, 835 (Ala. 2011).  What the state court ruled, in accordance with Alabama law governing defective tax sales, is that the plaintiff's tax title is "null and void."  (Doc. 69-1 at 5).  The tax sale and deed thus never transferred legal ownership to the plaintiff.

Second, the plaintiff argues that a motion to dismiss based on the state court ruling is "premature" because the state court has stayed its judgment pending the plaintiff's appeal of that ruling.  (Doc. 77 at 2).  The stay order, says the plaintiff, "returned [the parties] to the status quo that existed before the entry of judgment," such that the plaintiff "still has a tax deed and color of title."  (*Id*. at 3).[4]

What the plaintiff actually has is a state judicial pronouncement that it does not own the Parcel.  The finality of that pronouncement may lie in the future, but the pronouncement itself lies squarely in the past.  The Court stayed this action precisely so that its decision regarding standing would be informed by a judicial ruling from a state court more familiar with the niceties of Alabama law governing "the arcane requirements of lawful tax sales, the parameters of rights of redemption, the nebulous doctrine of laches, and other thorny matters embedded in the ownership issue."  (Doc. 68 at 5).  That ruling has been delivered, and the plaintiff, while promising an appeal, has identified to the Court no weakness in the ruling and no reason the Court should not accept it as correct.

The single case on which the plaintiff relies stands only for the unremarkable proposition that a tax sale purchaser, by presenting a supersedeas

---

[4] Color of title, of course, is not title.  It "is only a façade," "as opposed to a rightful claim to title."  *Green v. Dixon*, 727 So. 2d 781, 783-84 (Ala. 1998).  A void tax deed can furnish color of title that may support a claim of ownership through adverse possession, *id*. at 784-85, but the plaintiff makes no such claim.

3

bond, can maintain possession of the property pending appeal of a judgment authorizing the previous owners to redeem. *Ex parte Ward*, 235 So. 2d 252 (Ala. Civ. App. 2017). It may be that the stay entered in the state litigation accomplishes the same on behalf of the plaintiff, but that is irrelevant to the Court's disposition of this action. Dismissal for lack of standing does not implicate POA's authority *vel non* to possess the Parcel, because it represents only a conclusion that the plaintiff is not the owner, not that POA is the owner.

When POA sought the stay that expired upon entry of the state court's ruling, the plaintiff successfully opposed an extension of such a stay to encompass appeal of the state court's ruling. (Doc. 64 at 5; Doc. 68 at 5, 6-8). The plaintiff nevertheless sought such a stay after receiving an adverse ruling from the state court. (Doc. 75). The Court denied that motion because the plaintiff failed to engage the controlling analysis as set forth in previous orders, (Doc. 76), and the plaintiff has filed no successor motion to rectify the deficiency. Therefore, no stay will be considered.

A dismissal for lack of standing must be without prejudice. *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). In its motion to stay, the plaintiff hinted that such a dismissal "may adversely affect[t] [the plaintiff] by statute of limitations deadline." (Doc. 75 at 3). The plaintiff neither offered legal support for this proposition in its motion to stay nor repeated the argument in its opposition to motion to dismiss. There is thus nothing for the Court to consider.

For the reasons set forth above, the motion to dismiss is **granted**. This action is **dismissed without prejudice** for lack of standing.

DONE and ORDERED this 9th day of May, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE